**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ASHLEY L. HOLLAND, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-180 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

**MEMORANDUM AND ORDER**

Before the Court is movant's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which indicates that movant believes he may be eligible for relief under the recent Supreme Court case of *Johnson v. United States*, 135 S.Ct. 2551 (2015).[1] The motion is denied.

In *Johnson*, the Court held the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony."

Defendant was not sentenced under the ACCA because he did not have three prior convictions for violent felonies. As a result, *Johnson* has no application to his sentence, and he is not entitled to relief.

Finally, movant has not met the burden for issuing a certificate of appealability because he has not demonstrated "that jurists of reason would find it debatable whether the petition states

---

[1] Movant filed a letter with the Court asking whether he is entitled to relief under *Johnson*. For the sake of justice, the Court construes the letter as a motion to vacate under § 2255.

a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate is **DENIED**, and this action is **DISMISSED**.

An Order of Dismissal will be filed separately.

Dated this  13th  day of July, 2016.

 

 

_____
STEPHN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE